No. 3146.—ELEANOR E. BARROW *v.* AMANDA R. RICHARDSON.

An affidavit, though legal in form, is void if it be shown that the affiant was not sworn by an officer competent to administer oaths.

If it be shown that the party claiming the injunction was not present and did not take the oath, as certified by the clerk who issued the writ, it will be dissolved and set aside, because no affidavit has been made, as required by law.

APPEAL from the Seventh District Court, parish of West Feliciana. *Cooley,* J. *Collins & Leake,* for plaintiff and appellant. *McVea & Kilbourne,* for defendant and appellee.

TALIAFERRO, J. The defendant having seized under execution the property of the plaintiff, the latter took out an injunction to restrain the sale, alleging that the judgment under which the execution was issued, is invalid; that the note and mortgage upon which the judgment is predicated, were given without any valid consideration, having been executed for a debt of her husband to the defendant, which plaintiff was in no manner bound for. She therefore prays to be relieved from the obligation thus contracted and that the injunction be perpetuated.

The defendant moved to dissolve the injunction on the following grounds:

*First*—The affidavit on which the injunction issued, is insufficient in this, that the plaintiff and affiant was not legally sworn; that no oath was ever administered to her; that she was not before or in the presence of the clerk of the court before whom it purports she was present, and by whom it is stated she was sworn.

*Second*—That the bond is insufficient in amount and not in compliance with law.

The injunction was dissolved on the first ground stated in the motion, and the plaintiff condemned to pay the defendant five hundred dollars, special damages. The plaintiff has appealed.

The clerk, after writing below the name of the plaintiff, at the foot of the affidavit, the words "Sworn and subscribed to, this sixteenth of June, A. D. 1870," and subjoining his official signature, appears as a witness and swears that the affidavit was not signed in his presence; that he don't think he ever saw Mrs. Barrow; that he did not administer that or any other oath to Mrs. Barrow; that the affidavit was brought to him by one of the attorneys in the case who told him that Mrs. Barrow signed the affidavit.

This, we suppose, is a fair statement of the case, but it discloses a method of getting up affidavits, not contemplated by law.

Mrs. Barrow, the plaintiff, not having taken the oath required to enable her to obtain an injunction, her case fails. Code of Practice, art. 304.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.